IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VERONICA VALENTINE, | ) | 8:18CV68 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| ONE JOHN DOE "CI," | ) | |
| OFFICER BROWN, | ) | |
| OFFICER BIVENS, and | ) | |
| JOHN DOE POLICE | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed her pro se Complaint on February 16, 2018 (Filing No. 1), and was granted leave to proceed in forma pauperis that same date (Filing No. 5). The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff states in the Complaint that she is "seeking damages from the 'CI' police claimed in application for search warrant" and demands that the identity of the confidential informant be made known. She generally alleges that the CI and police acted in concert to violate her constitutional rights under the Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that

fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIM

Plaintiff indicates this is a "Ku Klux Klan Act 1873 Civil Action" (Filing No. 1), which, based on the conclusory allegations of the Complaint, the court construes to be an action for damages brought under 42 U.S.C. § 1983. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's Complaint contains no facts to show that Defendants violated her constitutional rights, or that Defendants acted under color of state law. Officers Brown

2

and Biven are not adequately identified.[1] They are sued both in their individual and official capacities, but no facts are alleged to show that a municipal "policy" or "custom" played a part in the alleged violation of Plaintiff's constitutional rights.[2] Whether the "CI," who presumably is a private actor, can be sued as a co-conspirator under § 1983 need not be decided at this time because no facts are alleged to show the

---

[1] Defendant Brown presumably is Chris Brown, an Omaha police officer who has been sued by Plaintiff in Case No. 8:18CV69, which was filed on the same date as this case. Plaintiff claims in that action that Brown falsely stated in an affidavit for a search warrant that Plaintiff sold drugs to a confidential informant.

[2] "A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Schaffer v. Beringer*, 842 F.3d 585, 596 (8th Cir. 2016) (quoting *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006)), *cert. denied*, 137 S. Ct. 2299 (2017). A municipality may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *See Doe By and Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An official policy involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

existence of a conspiracy. *See Gibson v. Cook*, 764 F.3d 810, 815 (8th Cir. 2014) (plaintiff must establish "not only that a private actor caused a deprivation of constitutional rights, but that the private actor willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of a conspiracy.") (quoting *Dossett v. First State Bank*, 399 F.3d 940, 951 (8th Cir.2005)); *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010) (to allege state action in § 1983 conspiracy claim against private actors, complaint must allege specific facts showing a meeting of the minds between state actor and private actors).

### IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief can be granted. On its own motion, however, the court will grant Plaintiff leave to amend.

IT IS THEREFORE ORDERED:

1. Plaintiff will have 30 days in which to file an Amended Complaint that states a claim upon which relief can be granted.

2. Failure to file an Amended Complaint in accordance with this Memorandum and Order will result in dismissal of this action without further notice.

3. The clerk's office is directed to set a pro se case management deadline using the following text: April 25, 2018: check for amended complaint.

DATED this 26th day of March, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge